# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HERB REED ENTERPRISES, INC., et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>JEAN BENNETT, et al.,<br><br>           Defendants. | 2:10-CV-1981 JCM (RJJ) |

## ORDER

Presently before the court is plaintiff's motion for preliminary injunction. (Doc. #2). The defendant has responded with a counter-motion for summary judgment (doc. #13), to which the plaintiff has replied (doc. #17).

**I.    Preliminary Injunction**

Plaintiffs move the court pursuant to Federal Rule of Civil Procedure 65 for a preliminary injunction to enjoin the defendants from using the mark "The Platters" in connection with promotion of musical groups.

"A preliminary injunction may be granted in a trademark case where the moving party demonstrates either '(1) a combination of probable success on the merits *and* the possibility of irreparable injury *or* (2) the existence of serious questions going to the merits *and* that the balance of hardships tips sharply in [its] favor.'" *Grocery Outlet v. Albertson's Inc.*, 497 F.3d 949, 951 (9th Cir. 2007) (quoting *Sardi's Rest. Corp. v. Sardie*, 755 F.2d 719, 723 (9th Cir. 1985) (emphasis in original)). Each represents a point on a sliding scale where the degree of irreparable harm increases

**James C. Mahan**
**U.S. District Judge**

as the probability of success decreases. *Grocery Outlet*, 497 F.3d at 951. They are not separate tests but, rather, "the outer reaches of a single continuum." *Id.* (quoting *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.3d 1197, 1201 (9th Cir. 1980)).

      A.     <u>Success on the Merits</u>

In order to establish a likelihood of success on the merits in a trademark infringement action, the plaintiff must show (1) ownership of the infringed material; and (2) that the alleged infringer is using a confusingly similar mark. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).

      I.     *Ownership*

The Ninth Circuit held in *Robi v. Five Platters, Inc.*, 918 F.2d 1439 (9th Cir. 1990), that there was ample support for the cancellation of defendant FPI's "Platters" trademarks because: (1) FPI filed a false incontestability affidavit pursuant to 15 U.S.C. § 1065, (2) submitted a false and misleading trademark application exemplar, and (3) had attempted to mislead the public. This opinion specifically cited the defendant, Jean Bennett, as having participated in these activities. *Id.* at 1444.

Conversely, plaintiff Herb Reed has presented evidence that the mark "Herb Reed and The Platters" was first registered by Herb Reed on the principal register with the United States Patent and Trademark Office, registration number 2,796,412. (Doc. #2-1, p. 9). This is prima facie evidence of the validity of the registered mark. 15 U.S.C. § 1057(b). Accordingly, the plaintiffs have shown a likelihood of success on the ownership element of trademark infringement claim.

      ii.     *Confusingly Similar Mark*

"The core element of trademark infringement is the likelihood of confusion, *i.e.*, whether the similarity of the marks is likely to confuse customers about the source of the products." *Brookfield Comms., Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1045 (9th Cir. 1999).

The court agrees with the plaintiff that a likelihood of confusion exists in this case, as both parties claim to have a right in an identical mark. Additionally, the plaintiffs allege that defendants use the mark to promote vocal groups that perform in the same style and using many of the same

1  numbers made famous by the "original" Platters. (Doc. #2-1, p.10). The court agrees that the
2  consuming public could assume that these groups are the "original" group or are endorsed by the
3  "original" group.

4  Additionally, although not considered precedent under Ninth Circuit Rule 36-3, the court
5  agrees with the analysis set forth in *Five Platters, Inc. v. Powell*, 7 Fed. Appx. 794 (9th Cir. 2001),
6  finding that "FPI presented and continues to present its group as 'The Platters' even though the group
7  no longer includes any of the five people who made the name famous and that FPI used the
8  trademark *with the intention of misleading the public* into believing that FPI's group is the original
9  group." *Id.* at *795 (emphasis added). Accordingly, the plaintiffs have shown a likelihood of success
10 on the merits of their trademark infringement action.

11  B.  Irreparable Injury

12  The defendant argues that because it has not licensed any presently performing group to use
13 the contested mark, the plaintiffs are unable to show irreparable injury. The court disagrees. Whereas
14 the plaintiff has shown that it is likely to succeed on the merits of its trademark claims, this factor
15 may be presumed. *See Marlyn Nutrceuticals, Inc. v. Mucos Pharm. GmbH & Co.*, 571 F.3d 873, 877
16 (9th Cir. 2009) (holding that, in a trademark infringement claim, irreparable injury may be presumed
17 from a showing of a likelihood of success on the merits).

18  C.  Conclusion

19  Weighing the factors, the court finds that plaintiffs are currently suffering and will suffer
20 irreparable injury absent a preliminary injunction; their injury outweighs any harm which granting
21 injunctive relief may cause the defendants; plaintiffs are likely to succeed on the merits of their
22 underlying claims; and the public interest will not be adversely affected by the granting of injunctive
23 relief.

24  Accordingly, plaintiffs' motion for preliminary injunction is granted. The court finds that the
25 posting of a nominal bond of $100 is sufficient, as the defendants themselves have claimed that
26 "there is no group performing under Defendant's auspice of any kind" (doc. #13, p. 8), to argue that
27 the plaintiffs will not suffer irreparable injury in the absence of an injunction.

28

**James C. Mahan**
**U.S. District Judge**

## II. Motion for Summary Judgment

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c). The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standard for authentication of evidence on a motion for summary judgment).

Here, the defendant Jean Bennett argues that the court should grant the motion for summary judgment for two reasons. First, based upon the doctrine of claim preclusion, Bennett argues that "Reed was ordered in 2002 in the New York District Court ruling to cancel his use of the mark [at issue], which he alleges to this court he has continuously used." (Doc. #13, p.4). Second, Bennett alleges that the "Lanham Trademark Act does not preempt state trademark laws or common law rights. 15 U.S.C. subsection 1125 (2005). Therefore, the fact that Herb Reed trademarked his 'Herb Reed and The Platters' does not preempt the common law rights of Jean Bennett to use 'The Platters.'" *Id.* Each argument is addressed and rejected below.

### A. Claim Preclusion

Claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 809 (9th Cir. 2007) (internal citations omitted). For the doctrine to apply, the moving party must show: (1) the parties or their privies are the same, (2) there was a valid, final judgment, and (3) a subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).

Here, the defendant Jean Bennett claims that litigation of this matter is precluded because the issues alleged in the complaint have already been decided by the Eastern District of New York in *Marshak v. Reed*, 229 F. Supp. 2d 179 (E.D. N.Y. 2002). Although that case did involve a dispute

between the plaintiff here, Herb Reed, and the defendant Five Platters, Inc., it did not resolve claims that could have been brought in the *Marshak* case.

The Eastern District of New York in *Marshak* ordered cancellation of Herb Reed's service mark in "The Platters." 229 F. Supp. 2d at 185. This decision was rendered in 2002, and in 2003 plaintiff Herb Reed registered the mark "Herb Reed and The Platters" on the principal register (no. 2,796,412). Subsequently, on June 24, 2010, the Patent and Trademark Office (PTO) provided notice of acknowledgment of incontestability of the mark "Herb Reed and The Platters" pursuant to § 15 of the Trademark Act, 15 U.S.C. § 1065. Also in 2010, the PTO refused to register "The Platters" mark finding it to be confusingly similar to plaintiff's registered mark. (Doc. #17, p.8). In November of 2010, plaintiffs allege that a phony Platters group began operating under a license from the defendants to perform at the Rio Hotel in Las Vegas. *Id.*

Based on the timeline of events, the court concludes that the instant transactions are necessarily separate and distinct from the ones at issue in *Marshak* in that they (1) involve a dispute over the subsequently registered mark "Herb Reed and The Platters" and (2) involve events which occurred after the 2002 *Marshak* decision was handed down. *See Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1209 (D. Nev. 2009) (holding that where two claims involve the same course of conduct, but involve different time periods, the subsequent suit is not barred by the doctrine of claim preclusion).

B.     Common Law Trademark

The defendants' also assert that they have a common law trademark right in the mark "The Platters" and that the above-mentioned registration of the mark by the plaintiff Herb Reed cannot affect or preempt this right. However, the court again agrees with the Ninth Circuit's analysis in *Powell* that the defendants "may not assert any common law trademark in 'The Platters' based on their prior use of the mark to the extent that the plaintiffs' use has been false and misleading in suggesting that their group is the original Platters." 7 Fed. Appx. at *795. The defendants have again failed, as they did in the *Powell* line of cases, to present evidence that they have used the trademark in a way that is not false and misleading. Accordingly, they may not assert a common law trademark

James C. Mahan
U.S. District Judge

- 5 -

claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for preliminary injunction (doc. #2) is GRANTED. The plaintiffs shall post bond in the amount of $100, and the defendants are hereby preliminarily enjoined from:

A. The use of the mark "The Platters" in connection with any vocal group, and any equivalent or phonetically similar names or marks without plaintiff's written permission, except that they may use the name "The Platters Tribute Group" or "The Platters Since 1970" or some similarly distinguishing label;

B. Using the mark "The Platters" in connection with a vocal group in any advertisements, promotional, marketing, or other materials, except as qualified under paragraph A above;

C. Licensing any other entity or person to use the mark "The Platters" in any form except as qualified under paragraph A above;

D. Interfering with the use by the plaintiff or agents, licensees, and assignees of the registered mark "Herb Reed And The Platters."

IT IS FURTHER ORDERED that defendant Jean Bennett's counter-motion for summary judgment (doc. #13) is hereby DENIED.

DATED January 21, 2011.

_____
UNITED STATES DISTRICT JUDGE