UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HERB REED ENTERPRISES, INC., et al.,

         Plaintiffs,

v.

JEAN BENNETT, et al.,

         Defendants.

2:10-CV-1981 JCM (RJJ)

**ORDER**

Presently before the court is plaintiffs Herb Reed Enterprises, Inc., Herb Reed Enterprises, LLC, and Herbert Reed, motion for entry of default judgment against defendants Five Platters Inc. ("FPI"), and Personality Production, Inc. ("PPI") pursuant to Federal Rule of Civil Procedure 55. (Doc. #51).

The clerk of the court having entered default against defendants on April 4, 2001 (doc. #44), and this court having now given due consideration to plaintiffs' application for such judgment, as well as the papers, pleadings, and exhibits offered in support thereof by plaintiffs, and being further fully advised in the matter, it is, therefore:

ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for default judgment (doc. #51) against defendants FPI and PPI is hereby GRANTED in favor of plaintiffs Herb Reed Enterprises, Inc., Herb Reed Enterprises, LLC, and Herbert Reed;

1.     The court hereby declares as follows:

. . .

**James C. Mahan**
**U.S. District Judge**

    A.    That defendants FPI and PPI have never used the mark "the Platters" in a manner that is not false and misleading and thus never acquired common law rights to the mark and cannot assert that they have.

    B.    Herbert Reed, having first used the mark "the Platters" in commerce in 1953, and having continuously used the mark in commerce since then has superior rights to the mark to all others, including FPI and PPI and anyone claiming rights from or through them.

2.    Plaintiffs Herb Reed Enterprises, Inc., Herb Reed Enterprises, LLC, and Herbert Reed are hereby granted a judgment of permanent injunction against defendants FPI and PPI, their agents, servants, representatives, licensees, affiliates, successors, assigns, attorneys, partners, officers, employees, successors, and assigns of each and all persons, firms or corporations in active concert of participation with any of them, immediately and permanently enjoining them, anywhere in the world, directly or indirectly, as follows:

    A.    From using the name "the Platters" or any other name referring to or including the word "Platter" or "Platters" and any other name or names confusingly similar or derivative thereof;

    B.    From licensing, claiming to have licensed, otherwise purporting to grant, or have granted, any rights to any person or entity to engage in any live musical performance or related entertainment using the name "the Platters," "the Buck Ram Platters," "the Platters Featuring (the name of any person(s) or entity(ies)" or any other name or names confusingly similar or derivative thereof;

    C.    From causing, aiding or assisting any person or entity to engage in any live musical performance or related entertainment service using the name "the Platters," "the Buck Ram Platters," "the Platters Featuring (the name of any person(s) or entity(ies)" or any other name or names confusingly similar or

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    derivative thereof;

2    D.   From promotional activities or advertising, television, radio, internet or any print or non-print media undertaken and commissioned using the name "the Platters" or any other name or names confusingly similar or derivative thereof;

E.   From infringing upon the goodwill associated with any of plaintiffs' names or service marks, or otherwise using the name "the Platters," or any other name or names confusingly similar or derivative thereof;

F.   From infringing or otherwise using the name "the Platters" or any other name confusingly similar thereof, in any manner, including but not limited to, advertising, promoting or licensing the performance of any group or individual that infringes upon plaintiffs' marks or derivatives thereof;

G.   From engaging in any conduct, including the advertisement, promotion, performance or licensing of any performance or performers using the name "the Platters" or any other name confusingly similar thereof, that tends to falsely represent, or is likely to confuse, mislead, or deceive purchasers of plaintiffs' services, plaintiffs' customers, plaintiffs' promoters, or members of the public to believe that defendants are sponsored, approved, or licensed by plaintiffs or anyone else, or are in some way associated, affiliated or connected with the plaintiffs or "the Platters;"

H.   From diluting and infringing the trade name "the Platters" or damaging plaintiff's goodwill, reputation, and business or otherwise competing unfairly with plaintiffs in any manner;

I.   From using or permitting or acquiescing in the use by others of any unauthorized licensing, promotional and advertising material, agreements, labels, announcements, signs, and any other unauthorized items which reproduce, copy, imitate, or bear the trade name "the Platters" or any other

**James C. Mahan**
**U.S. District Judge**

- 3 -

name confusingly similar or derivative thereof;

J. From asserting that either FPI or PPI have, or ever had, rights at common law or otherwise in the name "the Platters;" and

K. From effecting assignments or transfers, forming new entities, or associations, or utilizing any other means for the purpose of circumventing or otherwise avoiding the prohibitions of this order.

3. Jurisdiction of this case shall be retained by this court for the purpose of enforcing this judgment.

4. Plaintiffs shall prepare an appropriate judgment for the court's review and signature.

DATED April 27, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -