JOHN L. KRIEGER (Nevada Bar No. 6023)
JKrieger@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8365 (fax)

ERIC SOMMERS
*(Admitted Pro Hac Vice)*
SOMMERS LAW, PLLC
600 State Street, Suite 1
Portsmouth, New Hampshire 03801
(603) 570-4854

Attorneys for Herb Reed Enterprises, Inc.,
Herb Reed Enterprises, LLC and Herbert Reed

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HERB REED ENTERPRISES, INC., a Delaware company; HERB REED ENTERPRISES, LLC, a Massachusetts company; and HERBERT REED, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JEAN BENNETT, an individual; FIVE PLATTERS, INC., a California corporation; and PERSONALITY PRODUCTIONS, INC., a Nevada corporation<br><br>Defendants | CASE NO: 2:10-CV-01981-JCM-RJJ<br><br>**DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

This matter having come before the Court on plaintiffs Herb Reed Enterprises, Inc. Herb Reed Enterprises, LLC, and Herbert Reed's Motion for Default Judgment and the court having granted the motion, therefore,

**IT IS HEREBY ORDERED, ADJUGED AND DECREED** that

    A.    That Defendants Five Platters Inc. and Personality Production have never used the mark "The Platters" in a manner that is not false and misleading and thus never acquired common law rights to the mark and cannot assert that they have.

B. Herbert Reed, having first used the mark "The Platters" in commerce in 1953, and having continuously used the mark in commerce since then has superior rights to the mark to all others, including Five Platters, Inc. and Personality Productions, Inc., and anyone claiming rights from or through them.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Five Platters. Inc. ("FPI") and Personality Productions, Inc. ("PPI"), their agents, servants, representatives, licensees, affiliates, successors, assigns, attorneys, partners, officers, employees, successors, and assigns of each and all persons, firms, or corporations in active concert of participation with any of them, are immediately and permanently enjoined, anywhere in the world, directly or indirectly, as follows:

A. From using the name "The Platters" or any other name referring to or including the word "Platter" or "Platters" and any other name or names confusingly similar or derivative thereof;

B. From licensing, claiming to have licensed, otherwise purporting to grant, or have granted, any rights to any person or entity to engage in any live musical performance or related entertainment using the name "The Platters," "The Buck Ram Platters," "The Platters Featuring (the name of any person(s) or entity(ies))" or any other name or names confusingly similar or derivative thereof;

C. From causing, aiding, or assisting any person or entity to engage in any live musical performance or related entertainment service using the name "The Platters," "The Buck Ram Platters," "The Platters Featuring (the name of any person(s) or entity(ies))" or any other name or names confusingly similar or derivative thereof;

D. From promotional activities or advertising, television, radio, internet or any print or non-print media undertaken and commissioned using the name "The Platters" or any other name or names confusingly similar or derivative thereof;

Lewis and Roca LLP
40 North Central Avenue
Phoenix, Arizona 85004-4429

   E. From infringing upon the goodwill associated with any of Plaintiffs' names or service marks, or otherwise using the name "The Platters," or any other name or names confusingly similar or derivative thereof;

   F. From infringing or otherwise using the name "The Platters" or any other name confusingly similar thereof, in any manner, including, but not limited to, advertising, promoting or licensing the performance of any group or individual that infringes upon Plaintiffs' marks or derivatives thereof;

   G. From engaging in any conduct, including the advertisement, promotion, performance or licensing of any performance or performers using the name "The Platters or any other name confusingly similar thereof, that tends to falsely represent, or is likely to confuse, mislead, or deceive purchasers of Plaintiffs' services, Plaintiffs' customers, Plaintiffs' promoters, or members of the public to believe that Defendants are sponsored, approved or licensed by Plaintiffs or anyone else, or are in some way associated, affiliated or connected with the Plaintiffs or "The Platters;"

   H. From diluting and infringing the trade name "The Platters" or damaging Plaintiffs' goodwill, reputation, and business or otherwise competing unfairly with Plaintiffs in any manner;

   I. From using or permitting or acquiescing in the use by others of any unauthorized licensing, promotional and advertising material, agreements, labels, announcements, signs, and any other unauthorized items which reproduce, copy, imitate, or bear the trade name "The Platters" or any other confusingly similar or derivative thereof;

   J. From asserting that either FPI or PPI have, or ever had, rights at common law or otherwise in the name "The Platters;" and

K. From effecting assignments or transfers, forming new entities or associations, or utilizing any other means for the purpose of circumventing or otherwise avoiding the prohibitions of this Order.

**IT IS FURTHER ORDERED, ADJUGED AND DECREED** that Plaintiffs Herb Reed Enterprises, Inc., Herb Reed Enterprises, LLC and Herbert Reed are hereby permitted to seek their attorneys' fees and costs, in an amount as determined after submission of an affidavit of fees and costs that complies with the provisions of Local Rule 54-16.

**IT IS ALSO ORDERED, ADJUGED AND DECREED** that that Jurisdiction of this case shall be retained by this Court for the purpose of enforcing this Judgment.

Dated: May 16, 2011

_____
The Honorable James C. Mahan
United States District Judge

Lewis and Roca LLP
40 North Central Avenue
Phoenix, Arizona 85004-4429

-4-