UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| HERB REED ENTERPRISES, INC., et al.,<br><br>             Plaintiffs,<br><br>v.<br><br>JEAN BENNETT, et al.,<br><br>             Defendants. | 2:10-CV-1981 JCM (RJJ) |

**ORDER**

Presently before the court is the motion for summary judgment by plaintiffs Herb Reed Enterprises, Inc., Herb Reed Enterprises, LLC, and Herbert Reed (Doc. #46). Also before the court is defendant Jean Bennett's motion to dismiss or, in the alternative, opposition to the motion for summary judgment. (Doc. #53). Plaintiffs have filed an opposition and reply. (Doc. #57). Finally before the court is a motion to extend time to file a motion for attorney's fees. (Doc. #63).

Plaintiffs filed the complaint against the defendants alleging federal and common law trademark infringement under 15 U.S.C. § 1114 and § 1125(a) and unfair competition (doc. #1), claiming plaintiffs are the current owners of the mark "The Platters," which is the original name of a band currently located in Las Vegas, Nevada. In the prayer for relief, the plaintiffs request that the court grant partial summary judgment, issue a permanent injunction, and grant declaratory relief recognizing its ownership of the mark. The defendant has responded with a motion to dismiss. (Doc. #53).

**James C. Mahan**
**U.S. District Judge**

**I.  Motion to Dismiss (doc. #53)**

After submission of the plaintiffs' motion for summary judgment, the defendant filed what is labeled a motion to dismiss.  However, the plaintiffs have questioned whether the motion is in fact an opposition to the summary judgment motion.  Without guidance from the defendant, the court must construe *pro se* motions liberally and will address the defendant's arguments in the context of two separate motions.  *See, e.g.*, *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (discussing the principle of liberal construction of pro se motions).

Here, the defendant's motion to dismiss is nearly identical to an earlier filing (doc. #13) the court considered in ruling on the plaintiffs' motion for preliminary injunction.  The court will not "reexamine an issue previously decided by the same or higher court in the same case." *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001).  Even if the court were to ignore the prior decision, "[a]ll allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party." *General Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).  Any additional facts, beyond what was previously submitted by the moving party cannot be considered by the court.  Therefore, to the extent that the defendant's motion is a motion to dismiss, it must be denied as moot.

**II. Motion for Partial Summary Judgment (doc. #46)**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56©.  The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d (9th Cir. 2002) (expressing the standard for authentication of evidence on a motion for summary judgment).  However, the non-moving party "may not rely merely on allegations or denials in its own pleading but must set forth 'specific facts' demonstrating the existence of a genuine issue and the need for trial." *Anderson v. Liberty Lobby,*

1  *Inc.*, 477 U.S. 242, 248 (1986).

2  <u>A. Infringement</u>

3  To plead a prima facie case of trademark infringement, the plaintiff must allege that a mark is confusingly similar to a valid and protectable mark of the plaintiff. *Brookfield Comm's, Inc. v. West Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999); *see also* Thomas McCarthy, *Trademarks and Unfair Competition*, § 30:10 (4th ed. 2010). The same test applies to common law trademark infringement and unfair competition claims. *See e.g.*, *New West Corp. v. NYM Co.*, 595 F.2d 1194, 1201 (9th Cir. 1979) (finding that likelihood of confusion is the test regardless of the violation). While actual damages are not a required element for establishing trademark infringement, possible remedies include injunctive relief, award of defendant's profits, the costs of the action, and attorneys' fees. 15 U.S.C. § 1114(1); 15 U.S.C. § 1116; 15 U.S.C. § 1117(a).

Here, there is no question that the plaintiffs own a valid and protectable mark. Herbert Reed is an original member of the band and has used the trademark for over fifty years continuously. The plaintiffs' registration of the mark and the declaration of incontestability from the United States Patent and Trademark office prove the mark's validity. Also, authority relied on by the defendant declaring that she is the actual owner has been overruled. *See Five Platters, Inc. v. Monroe Powell*, 7 F. App'x 794 (9th Cir. 2001) (holding that the lower court erred in granting summary judgment to Jean Bennet as to ownership of the mark "The Platters" and requiring a further showing of evidence to rebut the presumption against her common law trademark claims). Thus, the plaintiffs are the registered trademark owners of "The Platters" mark. *See* (doc. #19) (issuing a preliminary injunction based on plaintiffs' ownership of the mark).

The test also requires the court to analyze the likelihood of confusion. *See* 15 U.S.C. §§ 1114(1), 1125(a). "[T]he ultimate test is whether the public is likely to be deceived or confused by the similarity of the marks." *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1997). This burden generally rests on the plaintiff. *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002).

1   The Ninth Circuit has enumerated eight non-exclusive factors to determine whether customer confusion is likely. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). The factors include: (1) strength of the mark; (2) proximity or relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *Id*. "The list of factors is not a scorecard – whether a party 'wins' a majority of the factors is not the point. Nor should '[t]he factors . . . be rigidly weighed; we do not count beans.'" *Dreamwerks Prod. Group v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998).

### 1. Strength of the Mark

"The stronger a mark – meaning the more likely it is to be remembered and associated in the public mind with the mark's owner – the greater the protection it is accorded by the trademark laws." *Brookfield Comm's, Inc. v. West Coast Enter. Corp.*, 174 F.3d 1036, 1058 (9th Cir. 1999). Marks are classified as either: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful. *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 (9th Cir. 1998). The last three categories, including arbitrary marks, are inherently distinctive and strong and do not require proof of secondary meaning to be protected. *Id*.

Here, the parties concede, and the court agrees, that the mark "The Platters" is arbitrary, as it uses common words with no relevance to the goods or services to which it applies. *See id*. Therefore, the mark is inherently distinctive, and the plaintiffs have no burden of proving secondary meaning to protect the mark. This factor weights in favor of the plaintiffs.

### 2. Proximity or Relatedness of the Goods

Congress has afforded "nationwide protection to registered marks, regardless of the areas in which the registrant actually uses the mark." *Dawn Donut co. v. Hart's Food Stores, Inc.*, 267 F.2d 358, 362 (2d Cir. 1959). The public is likely to be confused as to the source when goods or services are related. *GoTo.com Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1206 (9th Cir. 2000). The plaintiffs

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  have argued that there is no question that the goods represented – performers of music – are
2  identical, and court will not disagree. Thus, this factor weighs in favor of the plaintiffs.

3              3.  Similarity of the Mark

4      "[T]he similarity of the mark [factor] . . . has always been considered a critical question in
5  the likelihood-of-confusion analysis." *GoTo.com*, 202 F.3d at 1205. The combination of the
6  features as a whole, judged in terms of their "appearance, sound, and meaning," is the ultimate
7  question in determining similarity. *Id*. at 1206; *see also Dreamwerks*, 142 F.3d at 1129. Here, the
8  marks are identical, and both parties have used them in the same way. Thus, the court finds this
9  factor weighs in favor of the plaintiffs.

10             4.  Evidence of Actual Confusion

11     There is no requirement that a plaintiff provide evidence of actual confusion for trademark
12 infringement. *See Sleekcraft*, 599 F.2d at 353; *see also Academy of Motion Pictures Arts and*
13 *Sciences v. Creative House Productions, Inc.*, 944 F.2d 1446, 1456 (9th Cir. 1991) ("[A]ctual
14 confusion is not necessary to a finding of likelihood of confusion under the Lanham Act."). The lack
15 of evidence does not affect the overall analysis because of the difficulty in obtaining it, but any
16 finding of actual evidence "is weighed heavily [against the defendant] . . . when there is evidence
17 of past confusion." *Id*. at 353.

18     Where the marks are identical, the likelihood that a knowledgeable consumer would be
19 confused as to the mark's origin is great. *See Kiki Undies Corp. v. Promenade Hosiery Mills, Inc.*,
20 411 F.2d 1097, 1100–01 (2d Cir. 1969). Here, the marks are identical, and the court presumes
21 confusion. Thus, this factor weighs in favor of the plaintiffs.

22             5.  Marketing Channels Used

23     "Convergent marketing channels increase the likelihood of confusion," especially when the
24 "general class of purchasers of the parties' respective products is the same." *Sleekcraft*, 599 F.2d
25 at 353. Here, the plaintiffs argue that both parties use the same marketing channels in booking live
26 performances throughout the United States. The court agrees. Both parties book performances in
27 similar areas, and a reasonable juror could not find otherwise. Thus, this factor weighs in favor of
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1 the plaintiffs.

2        6. The Type of Good and Degree of Care Likely to be Exercised by the Consumer

3 "In assessing the likelihood of confusion to the public, the standard used by the courts is the typical buyer exercising ordinary caution." *Sleekcraft*, 599 F.2d at 353. "Virtually no amount of consumer care can prevent confusion where two entities have the same name." *Exctropix v. Liberty Livewire Corp.*, 178 F. Supp. 2d 1125, 1134 (C.D. Cal. 2001).

Here, a typical "buyer" is a patron at a live performance of either party's band. When the customer sees an advertisement bearing the mark in question, there is no way to discern which band the mark references. "It is irrational to expect that even the most sophisticated consumer will exercise the kind of scrupulous examination that would enable him or her to discern the difference between nearly identical marks." *Id*. Thus, the court finds this factor weighs in favor of the plaintiffs.

       7. Defendant's Intent in Selecting the Mark

"This factor favors the plaintiff where the alleged infringer adopted his mark with knowledge, actual or constructive, that it was another's trademark." *Brookefield Comm's, Inc. v. Goss*, 6 F.3d 1385, 1394 (9th Cir. 1999) (citing *Off. Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1394 (9th Cir. 1993)). Here, the defendant has admitted to intentionally adopting the mark even after a court held that she lacked ownership. *See Five Platters*, 7 F. App'x at 794. This factor weighs in favor of the plaintiffs.

       8. Likelihood of Expansion

Where the goods or services of the parties are already sufficiently related, this factor is irrelevant. *See Playboy*, 354 F.3d at 1029. The parties admit, and this court agrees, that this factor is neutral as the parties offer identical services.

In sum, no genuine issue of material fact remains on the question of likelihood of confusion. Although the defendant's motion must be liberally construed, she has not offered sufficient argument or authority to survive the plaintiffs' motion. Therefore, the court grants the motion for partial summary judgment as to plaintiffs' trademark infringement claims.

B.  Relief

In the prayer for relief, the plaintiffs request the court grant both permanent injunctive relief and a declaratory judgment on ownership of the mark. (Doc. #46). Preliminary injunctive relief has already been entered against the defendant, and the plaintiffs wish to extend it permanently. Also, the plaintiffs seek a declaration that the defendant has no common law trademark claim to the mark. The court will now consider the requested remedies following the determination that plaintiffs are entitled to judgment as a matter of law.

1. Permanent Injunction

"Avoiding harm to consumers is an important interest that is independent of the senior user's interest in protecting its business." *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 905 (9th Cir. 2002). Although likelihood of confusion is a sufficient ground for issuance of an injunction, *Pacific Telesis Group v. International Telesis Communications*, 994 F.2d 1364 (9th Cir. 1993), a "[p]laintiff is not automatically entitled to injunction under [the] Lanham Act simply because it proved its affirmative trademark claims." *Westinghouse Elec. Corp. v. General Circuit Breaker & Elec. Supply Inc.*, 106 F.3d 894 (9th Cir. 1997).

To obtain a permanent injunction, a plaintiff must demonstrate that: (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. McCarthy, *supra* at § 30:1 (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

Here, the defendant has willfully infringed upon the plaintiffs' trademark for a number of years. As a defense, the defendant has relied on overturned lower court opinions and continued to use the mark "The Platters." Additionally, the defendant has ignored a preliminary injunction from the court (doc. #19) by booking a live performance bearing the mark in California.

Without question, the plaintiffs lose control over the mark when defendant use it. Plaintiffs will also suffer irreparable injury in the form of lost business and harm to their professional

1  reputation. The public is also misled when attending a performance without any original members
2  of the band. These harms are not quantifiable as monetary damages. *See Quiksilver, Inc. v. Kymsta*
3  *Corp.*, 360 F. App'x. 886, 889 (9th Cir. 2009) (holding that a permanent injunction is proper when
4  the harm will only continue); *see also Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 612 (9th
5  Cir. 1989); *see generally eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) (finding a four
6  part test including the inability to compensate is necessary to issue a permanent injunction).
7  Therefore, the preliminary injunction (doc. #19) is hereby converted into a permanent injunction.

        2. Declaratory Judgment on Ownership of the Mark

9      In a trademark infringement case, a court "may declare the rights and other legal relations of
10 any interested party seeking such declaration." 28 U.S.C.A. § 2201. When injunctive or monetary
11 relief is insufficient, the court may issue a declaratory judgment to protect the mark owner's rights.
12 *See generally Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) (finding the
13 threat of future litigation necessitates a declaratory judgment).

14     Here, the plaintiffs argue that they are entitled to a declaratory judgment that the defendant
15 does not have any rights to license, give, or transfer the mark "The Platters." This argument is
16 supported by a Ninth Circuit order that the defendant could not assert that she had common law
17 rights to the mark unless evidence of non-fraudulent or misleading use was first produced. *Five*
18 *Platters*, 7 F. App'x at 797. To date, the defendant has not submitted any evidence to rebut the Ninth
19 Circuit decision and has instead caused additional harm to the plaintiffs by continuing to assert non-
20 existent rights in the mark.

21     Where a plaintiff has prevailed on its trademark infringement claims, been granted a
22 permanent injunction, and has demonstrated that the defendant has no legal claim to the mark, a
23 court should grant declaratory relief. *See e.g., Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d
24 1339 (8th Cir. 1996) ("[Plaintiff] that prevailed on competitor's claims of trademark infringement
25 . . . was entitled to declaratory relief"). The court agrees with the plaintiffs and therefore declares
26 that the defendant and the companies she controls have never had common law rights in the mark
27 "The Platters." (Doc. #46).

28

**James C. Mahan**
**U.S. District Judge**

- 8 -

### III. Motion to Extend Time

A party entitled to move for attorney's fees must file such motion "within fourteen (14) days after entry of the *final judgment*." Local Rule 54-16 (emphasis added). Although default judgment has been entered against other defendants, the time limit to file a motion for attorney's fees does not begin to run until the entire action is disposed. *See id*. Therefore, the plaintiffs' motion to extend time is untimely.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant's motion to dismiss (doc. #53) be, and the same here is, DENIED.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that plaintiffs' motion for partial summary judgment of trademark infringement (doc. #46) be, and the same hereby is, GRANTED. The preliminary injunction (doc. #19) is hereby converted into a permanent injunction with full force and effect against all defendants.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that the plaintiffs' motion for declaratory relief as to the defendant's common law claims (doc. #46) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion to extend time to file motion for attorneys' fees (doc. #63) is DENIED as untimely.

DATED June 30, 2011.

_____
UNITED STATES DISTRICT JUDGE