# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HERB REED ENTERPRISES, INC., et al.,

        Plaintiffs,

v.

JEAN BENNETT, et al.,

        Defendants.

2:10-CV-1981 JCM (RJJ)

## ORDER

Presently before the court is plaintiff's motion for attorney's fees. (Doc. #72). Defendant Jean Bennett has not filed an opposition.

### Background

On May 16, 2011, this court entered a default judgment against defendants Five Platters Inc. and Personality Productions, Inc. as a result of their failing to appear through counsel. (Doc. #60). On June 30, 2011, this court granted plaintiff's motion for partial summary judgment against Jean Bennett, finding that she "willfully infringed upon the plaintiffs' trademark for a number of years." (Doc. #65 7:22-23). On September 23, 2011, the court granted plaintiff's voluntary motion to dismiss its sole remaining claim of slander of title against Jean Bennett. (Doc. #69).

Plaintiff now seeks $95,062 in attorneys' fees for 360.4 hours of attorney time expended in this trademark action. Of this total, 312.10 hours were billed by attorney Eric M. Sommers of the Sommers Law firm, for a total of $78,025. Additionally, attorney John L. Krieger of the law firm

**James C. Mahan**
**U.S. District Judge**

1  Lewis and Roca billed 48.3 hours for a total of $17,037.[1]  Plaintiff also seeks to recover $3,450.95 for taxable costs and $5,280.03 for non-taxable costs.[2]

**Discussion**

"In 1975, Congress amended the Lanham Act for the express purpose of permitting the recovery of attorneys' fees 'in exceptional cases.'" *Playboy Enter., Inc. v. Baccarat Clothing Co., Inc.*, 692 F.2d 1272, 1276 (9th Cir. 1982) (citing 15 U.S.C. § 1117).  The Committee on the Judiciary has stated that the remedy of attorneys' fees "'should be available in exceptional cases, i.e., in infringement cases where the acts of infringement can be characterized as 'malicious', 'fraudulent', 'deliberate', or 'willfull'.'" *Id.* (quoting Senate Report No. 93-1400, 93rd Congress, Second Session (1974), *reprinted in* 1974 U.S. Code Cong. & Ad. News 7132, 7133.  This court has previoulsy found that defendant Bennett's infringement was willfull. *See* Doc. #65, Order Granting Summary Judgment.

The local rules of this district allow the court to grant the motion for attorneys' fees where the non-moving party fails to respond. *See* 7-2(d); *see also* LR 54-16(d).  However, this court will still review the moving papers and supporting documents to determine if the fees and costs sought are reasonable.

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433.  District courts have the authority "to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure" to adjust fee awards. *See Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

---

[1] The court notes that two additional Lewis and Roca attorneys, J. Zimmerman and W. Allen billed .6 and .8 hours, respectively.  This amount has been incorporated into the court's tabulation of Mr. Krieger's time.

[2] Plaintiff represents that these amounts "reflect fees of $8,796 and costs of $3,489 previously awarded, but not yet collected." Pl.'s Mot. for Fees, 7:6-7.

**James C. Mahan**
**U.S. District Judge**

- 2 -

In determining the reasonableness of an hourly rate, courts consider the experience, skill, and reputation of the attorney requesting fees. *See, e.g.*, *Webb v. Ada County*, 285 F.3d 829, 840, n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community. *Id., see also, Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). Based on this court's knowledge and experience, it finds that the requested hourly rates are reasonable.

Further, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433. Ultimately, the court has discretion to reduce the number of hours claimed or the final lodestar figure. *See Gates*, 987 F.2d at 1399. After reviewing plaintiff's billing statements, this court finds that the calculation of 312.10 hours of attorney labor is generally reasonable in relation to the work performed by attorney Sommers. Though this court finds the amount of time expended as generally reasonable, it will exercise its discretion in awarding the full fees sought for certain time entries.

On February 11, 2011, and again on February 18, 2011, Mr. Sommers billed a full day of time (7.5 hours, at $250/hr) for traveling between New Hampshire and Las Vegas. This amounts to $1,875 for each day of travel. This court will not award the time billed for out of state attorneys to travel to the district to appear for hearings or otherwise participate in the case. Mr. Sommers could have performed substantive work on this case while flying to and from Las Vegas, or could have performed work on his other cases. As such, this court does not think it is proper for Mr. Sommers to be compensated for flying between the two cities where no actual work was performed.

Moreover, on February 16, 2011, Mr. Sommers billed 5.4 hours to "Travel to Jean Bennett's home to pick her up for her deposition; Wait for Ms. Bennett to appear; Telephone Ms. Bennett in connection with her deposition; Record non-appearance with court reporter; Draft Emergency Motion for Defendants to Show Cause; Draft supporting declaration and prepare exhibits for same." This work caused Mr. Sommer's to bill $1,350. The court will not grant Mr. Sommers fees for traveling with his client to her deposition or waiting for his client. The court will grant plaintiff attorneys' fees in the amount of $500 for the above-described work performed on February 16, 2011,

because it finds that two hours is sufficient time to record a non-appearance, draft a routine motion to show cause, and prepare supporting declarations and exhibits for the motion.

Additionally, from March 9, 2011, through March 11, 2011, Mr. Sommers billed $2,200 for 8.8 hours of work in connection with drafting a motion seeking attorneys' fees. This amount is excessive. Such motions are routine and do not involve difficult questions of law. Additionally, gathering and reviewing the various billing records to support such motions is not incredibly time consuming, given the automated nature of most billing software. Four and one-half hours is sufficient time to complete the tasks identified.

In sum, this court reduces the ultimate award of fees Mr. Sommers seeks by $5,675 and awards $72,350.

Further, after reviewing the billing entries of Lewis and Roca, this court finds that the aggregate hours billed are unreasonable in light of the work actually performed. As local counsel, Lewis and Roca's billing records indicate that its work was generally limited to communicating with out of state counsel and following up with the court on the status of filings and pending matters. Given the nature of the work performed, this court finds that a 15% across-the-board reduction is appropriate. Thus, the court reduces Lewis and Roca's fees by $2,555.55 and awards $14,481.45.

Plaintiff shall receive its costs.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiff's motion for attorney's fees (doc. #67) be, and the same hereby is, GRANTED consistent with the forgoing.

DATED October 26, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**